IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VAN C. JACKSON,

                Plaintiff,

    v.

JEFFERSON CTY. DRUG TASK FORCE, JEFFERSON
CTY. JAIL DEP'T, JEFFERSON CTY. POLICE DEP'T,
and DA OFFICE OF JEFFERSON CTY.,

                Defendants.

OPINION and ORDER

23-cv-199-jdp

---

Pro se plaintiff Van C. Jackson alleges that he was the subject of an unlawful drug investigation, which led to his unlawful arrest and conviction. Because Jackson proceeds in forma pauperis, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B). I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Jackson's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the case for failure to state a claim upon which relief may be granted, but I will allow Jackson to file an amended complaint to fix the problems identified in this order. I will deny Jackson's second motion to proceed in forma pauperis as moot because he is already proceeding in forma pauperis.

ALLEGATIONS OF FACT

A confidential informant (CI) told the Jefferson County Drug Task Force that she could get drugs from "Moe." On October 13, 2019, the Task Force and the CI set up a controlled

buy. Task Force officers told the CI to call Jackson, who went to see her because she owed him money. Jackson received money from her but there was no "drug talk." The CI then retrieved drugs from her mailbox and gave them to the police.

On November 3, 2019, nondefendant Deputy Haggie pulled Jackson over for speeding and then booked him for driving without a license. Jackson had an altercation with a deputy at the jail and was charged with "threats to an officer." Task Force officers believed that Jackson fit the description of Moe, apparently because the CI told them that Moe said that he had been "locked up over the weekend." But the CI "wasn't 100% sure" if Moe was Jackson; her description of Moe's hair did not match Jackson's.

On November 17, 2019, Task Force officers and the CI arranged another controlled buy without following standard procedures. The CI gave Jackson more money and later gave the officers drugs.

Jackson went to court a few days later. Deputies told Jackson that he could not take his keys inside the courthouse, so Jackson left his keys with the deputies, who used them to put a GPS tracker on his vehicle. Task Force officers and Dane County deputies later stopped Jackson at a hotel to question him but did not arrest or search him.

On December 18, 2019, Jackson was located with the GPS tracker and arrested. Nondefendant Officer Gordon pulled Jackson over with his gun drawn and ordered him to exit the vehicle. Officers searched Jackson, took his money, and searched his vehicle. Nondefendant Task Force officers Ritz and Miller, along with other officers, participated in this incident. The officers did not have an arrest warrant, search warrant, or probable cause to believe Jackson had committed a crime.

Jackson was charged with manufacturing and delivery of a controlled substance based on the supposed controlled buys. An inventory search was conducted and a gun and marijuana gummies were found in Jackson's vehicle, which led to more charges. Representing himself, Jackson filed a motion to dismiss, a motion to suppress, and motions for bail reduction, all of which were denied due to "other influences . . . making sure [he] lost every motion." Jackson did not receive discovery, and the prosecutor delayed two years before producing a warrant for the GPS tracker. The court appointed Jackson counsel and he pleaded guilty and was sentenced.

ANALYSIS

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state claim deprived him of a federal right. *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 745–46 (7th Cir. 2010). "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (alteration adopted). To allege that an individual is personally involved in the deprivation, the plaintiff must identify the individual in the body of the complaint and explain what the individual did, or failed to do, to violate the plaintiff's federal rights. *See id.*; *Stewart v. Rice*, No. 12-cv-339-bbc, 2012 WL 2328227, at *2 (W.D. Wis. June 19, 2012). To proceed against an individual under § 1983, the plaintiff must name the individual as a defendant in the caption of the complaint as well. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005).

Jefferson names the Task Force, Jefferson County Sheriff's Department, the Jefferson County Jail, and Jefferson County District Attorney's Office as defendants. Jackson alleges

claims under the Fourth and Fourteenth Amendments, along with claims under the state constitution. Jackson seeks damages.

I will not allow Jackson to proceed against any of the named defendants because they are not suable legal entities under § 1983. *Omegbu v. Milwaukee Cty.*, 326 F. App'x 940, 942 (7th Cir. 2009) (district attorney's office not subject to suit under § 1983); *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) (sheriff's department not subject to suit under § 1983); *Williams v. Dane Cty. Narcotics Task*, No. 20-cv-957-wmc, 2022 WL 4079023, at *4 (W.D. Wis. Sept. 6, 2022) (narcotics task force not subject to suit under § 1983); *Morrison v. Brown Cty. Jail*, No. 21-cv-1436-pp, 2022 WL 1203042, at *2 (E.D. Wis. Apr. 22, 2022) (jail not subject to suit under § 1983).

Jackson names a few individuals in the complaint's body (i.e., Officer Gordon, Deputy Haggie, Officer Ritz, and Officer Miller). I will not allow Jackson to proceed against these individuals because he did not name them as defendants in the complaint's caption. Also, Jackson's allegations are insufficient to infer that Haggie, Ritz, and Miller violated his civil rights. Jackson alleges that Deputy Haggie pulled him over for speeding and booked him for driving without a license, but fails to allege that he was innocent of this conduct. Jackson alleges that Ritz and Miller participated in his unlawful arrest, but his allegation is conclusory: Jackson fails to explain what Ritz and Miller did, or failed to do, to violate his civil rights.

Jackson appears to allege a due process claim based on his court proceedings because "other influences . . . ma[de] sure [that he] lost every motion." This allegation is too conclusory to support a § 1983 claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In any case, judicial immunity bars a claim for damages based on the judge's denial of these motions. *See Dawson v.*

*Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005). I will not allow Jackson to proceed on this claim.

I will not allow Jackson to proceed on his claim under the state constitution because, when all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). Jackson also fails to establish that this court could exercise federal diversity jurisdiction over this claim because he does not allege that he and defendants are citizens of different states and nothing in the complaint suggests that they are.

I will allow Jackson to file an amended complaint that fixes the above problems. In drafting his amended complaint, Jackson should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his constitutional rights. Jackson must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.

- Jackson should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Jackson believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims wishes to assert

ORDER

IT IS ORDERED that:

1. Plaintiff Van C. Jackson's complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff may have until May 31, 2023, to submit an amended complaint that fixes the above problems.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily. The supplemental pages that Jackson submitted with his complaint lacked adequate spacing between the lines and in the margins.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff's second motion to proceed in forma pauperis, Dkt. 6, is DENIED as moot.

7. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

8. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed for failure to prosecute.

9. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

10. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered May 1, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge